UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIAM C. HUGHES,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　　No. 4:19-CV-1780 JCH
　　　　　　　　　　　　　　　　　　)
STEVEN SPIELBERG, et al.,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　)

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff William C. Hughes for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the plaintiff's allegations are found to be clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33

(1992). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

**The Complaint**

Plaintiff brings this action against Steven Spielberg, George Lucas, Viacom, Columbia Pictures, Paramount Pictures, Sony, Dreamworks, Industrial Light and Magic and Amblin Entertainment.

In the complaint, plaintiff states he was restrained from the sale of valuable intellectual property by defendants. He claims they "restrained trade and paid interlopers to threaten plaintiff." Plaintiff claims he was a participant in the "story of three young men with an 8mm movie cameras." He states that his "film and camera were hijacked in Los Angeles and…held for a sort of ransom…and [it was] handed down to plaintiff by a Howard Hughes, Jr. look-alike named Charles Edward Hughes." Plaintiff also alleges his feature length film was called "The French Chef," a parody of the cooking show hosted by Julia Child. He does not indicate how this alleged film connected to defendants.

Plaintiff states he also "filmed and taped the Apollo 11 moon landing not knowing that when relatives said 'it bounced'…they were referred to the Hughes Lunar Surveyor – the first object from this planet to land on another celestial body." Plaintiff states, Apollo 12 remains an unwritten and unsold script due to the unlawful activities of defendants."

Plaintiff states that he made suggestions for improvements to Star Trek and ET that he did not receive credit for. He states that his ideas for screenplays have been suppressed. He further states that since 1955 "unscrupulous parties like defendants have been swirling around the unclaimed Hughes fortune like flies to a pile of dung." He claims that "actress Faye Dunaway was given away as smoking and staring at plaintiff in 2009 by a public building custodian."

Plaintiff seeks $1.36 billion dollars in damages in this action, claiming he was "restrained from making literary sales."

## Discussion

Having carefully reviewed and liberally construed the complaint, the Court concludes that none of the allegations the Court can decipher state a plausible claim for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Civil plaintiffs are required to set out their alleged claims and the facts supporting those claims in a simple, concise, and direct manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and abide by the Federal Rules of Civil Procedure. *See McNeil*, 508 U.S. at 113. Here, plaintiff has failed to follow the foregoing requirements. Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or construct claims. Additionally, the Court finds that plaintiff's allegations are clearly baseless under *Denton*. For these reasons, the Court will dismiss this action as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of June, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE